IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01373-WYD-MEH

COBBLER NEVADA, LLC,

    Plaintiff,

v.

DOES 1-25,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendant John Doe's Motion to Quash or Modify Subpoena and Motion to Dismiss [filed August 6, 2013; docket #14].[1] The Motion has been referred to this Court for disposition. (Docket #15.) Pursuant to D.C. Colo. LCivR 7.1C, the Court decides the motion without a response from Plaintiff. As an initial matter, the Motion is improperly titled as a motion to quash a subpoena as well as a motion to dismiss; as its contents exclusively focus on a request to quash the subpoena,, the Court construes it as such. For the reasons that follow, John Doe's Motion to Quash or Modify Subpoena is **denied**.

**I.    Background**

    Plaintiff initiated this action on June 26, 2015, alleging that Defendants, identified only by their Internet Protocol addresses, infringed on Plaintiff's copyrighted work (here, a motion picture) by using the internet and a bittorent protocol to reproduce, distribute, display, or perform Plaintiff's protected film.

---

[1] The John Doe who filed this Motion fails to note which Doe he is.

In an effort to identify the alleged infringer, Plaintiff requested permission from the Court to serve limited, immediate discovery on Defendants' Internet Service Providers (ISPs) prior to the Rule 26(f) conference. (Docket #8.) The Court determined that Plaintiff had shown good cause for limited expedited discovery and granted Plaintiff's motion in part. (Docket #3.) In particular, the Court authorized Plaintiff to serve third-party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs for the limited purpose of ascertaining the identity of the Defendants based upon the IP addresses named in the Complaint. (Docket #10.) The Court directed that each subpoena be limited to providing Plaintiff with the true name, address, telephone number, and email address of the Defendant to whom the ISP has assigned an IP address. With each subpoena, the Court directed Plaintiff to serve a copy of its order. Finally, the Court emphasized that Plaintiff may only use the information disclosed in response to the subpoena for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket #1]. The Court cautioned Plaintiff that improper use of this information may result in sanctions.

In accordance with the Court's order, Plaintiff served a Rule 45 subpoena on this John Doe's ISP sometime between the issuance of the Court order on June 29, 2015, and August 6, 2015, the date of the filing of this Motion [docket #14].

**II.     Discussion**

Fed. R. Civ. P. 45(c)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. No other grounds are listed.

In this district, a party has no standing to quash a subpoena served on a third party,

except as to claims of privilege or upon a showing that a privacy issue is implicated. *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ([a]bsent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum); *see also Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993). Other courts in the Tenth Circuit have held that a party has standing to challenge a subpoena served on a third party only on the basis of privilege, personal interest, or proprietary interest. *Howard v. Segway, Inc.*, No. 11-CV-688-GFK-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (citing *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18 (D.D.C. 2005)). Objections unrelated to a claim of privilege or privacy interests are not proper bases upon which a party may quash a subpoena. *Windsor*, 175 F.R.D. at 668; *see also Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of New York*, 519 F. Supp. 668, 680 (D.C. Del. 1981) (movant lacks standing to raise objections unrelated to any right of privilege). Thus, even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden. *Howard*, 2012 WL 2923230, at *2 ; *see also Malibu Media, LLC v. John Does 1-15*, No. 12-2077, 2012 WL 3089383, at *8 (E.D. Pa. July 30, 2012) (noting that a defendant seeking to quash a subpoena on an internet service provider is not faced with an undue burden because the subpoena is directed at the internet service provider and not the [d]efendant.).

Here, no ISP – the recipient of a subpoena in this case – has objected to its terms. However, this John Doe argues that he has standing to quash based on a personal and/or proprietary interest in his identifying information. Plaintiff does not appear to dispute this interest. Thus, the Court may consider this John Doe's motion to quash, but must limit its

analysis to whether the subpoena served on the ISP requires disclosure of privileged or other protected matter, if no exception or waiver applies. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii).

This Court agrees with those courts finding that internet subscribers do not have an expectation of privacy in the identifying information they conveyed to their ISPs. *See AF Holdings, LLC v. Does 1B162*, No. 11-23036-Civ, 2012 WL 488217, at *4 (S.D. Fla. Feb.14, 2012); *First Time Videos, LLC v. Does 1B18*, No. 4:11-cv-69-SEB-WGH, 2011 WL 4079177, at *1 (S.D. Ind. Sept.13, 2011). As for privilege, the burden rests squarely on the moving party to demonstrate that privilege exists and that the subpoena would disclose such information. *Malibu Media, LLC*, 2012 WL 3089383 at *5.

In this case, John Doe's Motion does not address whether the information sought is privileged or otherwise protected. Instead of addressing the grounds cited in Rule 45, this John Doe asks the Court to quash the subpoena on two separate bases: (1) improper joinder; and (2) the assertion that Plaintiff has not done significant investigative effort to justify granting a subpoena for subscriber information the Plaintiff seeks. The Court has considered variations of each of these arguments before and reiterates its findings as follows.

Courts have reached different conclusions regarding whether to address the issue of joinder prior to permitting discovery. Those addressing joinder as a threshold issue have noted that allowing a case to proceed against improperly joined defendants enables a plaintiff to obtain personal information and ultimately extract settlements with only a single filing fee. *Patrick Collins, Inc. v. Does 1-10*, No. JFM 8:12-cv-00094, 2012 WL 1144980, at *3 (D. Md. April 4, 2012) (citations omitted). Underlying this approach is a belief that the plaintiff's business model

could not support separate lawsuits against each individual defendant. *See id.* Other courts have found that a subpoena should not be quashed on the grounds of misjoinder during the early stages of litigation. *See Malibu Media, LLC v. Does 1-25*, No.12-cv-0362-LAB (DHB), 2012 WL 2367555, at *3 (S.D. Cal. June 21, 2012); *see also Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 11 (D.D.C. 2008) (While the Court notes that the remedy for improper joinder is severance and not dismissal, ... the Court also finds that this inquiry is premature without first knowing Defendants' identities and the actual facts and circumstances associated with Defendants' conduct.) Exercising its discretion, this Court adopts the latter view for purposes of the pending Motion. *See Patrick Collins, Inc. v. John Does 1-15*, No. 11-cv-02164-CMA-MJW, 2012 WL 41536, at *1 (D. Colo. Feb. 8, 2012) (citations and quotations omitted) ([T]he Court may exercise discretion in determining whether to sever defendants, and this determination includes a consideration of judicial economy and efficiency.).

First (and most importantly), the plain language of Rule 45 does not authorize the Court to quash a subpoena based upon misjoinder. Rule 45 provides four circumstances under which the Court must quash a subpoena, and the Court will not create a fifth. Second, the Court observes that severing defendants would delay, but not eliminate, Plaintiff's efforts to obtain this John Doe's identifying information from his or her ISP. Simply put, severance affects the timing of disclosure but not the underlying right. In this context, such a delay may prove fatal to Plaintiff's claims insofar as Plaintiff alleges that the information it seeks is subject to destruction. (Docket #3 at 12.) Given the inevitable disclosure of the information at issue in this subpoena, it seems judicial efficiency is best promoted by declining to reach the question of

joinder at this time.

This John Doe's second argument is also unavailing. Plaintiff's attempt to obtain information from the ISP is a necessary first step in Plaintiff's process of discovering the identities of the alleged infringers for the purpose of enforcing its copyright. The fact that the information Plaintiff seeks will not conclusively establish liability does not persuade the Court that the subpoena should be quashed. To hold otherwise would impose a standard inconsistent with the Federal Rules of Civil Procedure. Thus, the Court will not quash the subpoena based upon the alleged attenuation between this John Doe's possible participation in a swarm and actual copyright infringement.

### III.   Conclusion

For the reasons stated above, the Court finds that this John Doe has not met his burden of showing that the subpoena served on his or her ISP must be quashed. Therefore, Defendant John Doe's Motion to Quash or Modify Subpoena [filed August 6, 2015; docket #14] is **denied**.

Entered and dated at Denver, Colorado, this 7th day of August, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge